UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SHIRLEY MINAROVICH,

                          Plaintiff,

  -against-

ECKART'S LUNCHEONETTE, INC.,
SHIRLEY McCLAIN and RAYMOND T.
McCLAIN,
                         Defendants.

_____

Civil Action No.:

COMPLAINT

      Plaintiff, SHIRLEY MINAROVICH, by her attorneys BLAU LEONARD LAW GROUP, LLC alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") in connection with Defendants' violation of their statutory obligations to pay Plaintiff minimum wage, unpaid overtime, liquidated damages and attorneys' fees and costs, as a non-exempt employee, for work in excess of 40 hours per week, at a rate of 1.5 times her regular rate of pay, pursuant to 29 U.S.C. §207(a).

2.    Plaintiff also brings this action under New York's Wage and Hour Laws. ("NYLL") More specifically, Plaintiff asserts that she is entitled to minimum wage for all hours worked, unpaid overtime compensation for her work beyond 40 hours

1

per week, at a rate of 1.5 times her regular rate of pay, liquidated damages, and attorneys' fees and costs pursuant to New York Labor Law § 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute.  As to claims under New York State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

5.      Upon information and belief, ECKART'S LUNCHEONETTE, INC., ("ECKART'S") is a domestic corporation created and existing under and by virtue of the laws of the State of New York, with principal offices and headquarters located in Westhampton Beach, New York 11978.

6.      At all relevant times Defendant, SHIRLEY McCLAIN is one of the owners, principals, officers and/or shareholders of ECKART'S.

7.      At all relevant times Defendant, RAYMOND T. McCLAIN, is one of the owners, principals, officers and/or shareholders of ECKART'S.

8.      Plaintiff, SHIRLEY MINAROVICH, is a resident of Mastic, New York 11950.

## FACTUAL ALLEGATIONS

9. ECKART'S is in the business of owning, maintaining, controlling and operating a restaurant located at 162 Mill Road, Westhampton Beach, New York 11978.

10. ECKART'S prepares and offers food and beverage for human consumption at its premises to the public.

11. ECKART'S is an enterprise engaged in commerce or in the production of goods for commerce, because, inter alia, Defendants have employees that handle goods and materials that have been produced for and moved in commerce.

12. ECKART'S annual gross volume of business exceeds $500,000.

13. Plaintiff worked as a food server/dishwasher/cleaner at ECKART'S from approximately March 2012 to September 2016.

14. At all times material and relevant herein, ECKART'S was the employer of Plaintiff within the meaning of 29 U.S.C. §§201 et seq.

15. At all relevant times, ECKART'S was the employer of Plaintiffs within the meaning of NY Labor Law§§650 et seq. and the supporting New York State Department of Labor regulations.

16. At all relevant times, ECKART'S possessed the authority and power to hire or terminate Plaintiff.

17. At all relevant times, ECKART'S possessed the authority and power to control Plaintiff's work schedules and conditions of employment.

18. At all relevant times, ECKART'S possessed the authority and power to determine the rate and method of the payment of Plaintiff's wages.

19. At all relevant times, ECKART'S possessed the authority and power to determine overtime policy for all of its employees, including Plaintiff.

20. At all relevant times, ECKART'S possessed the authority and power to maintain and/or had unrestricted access to records regarding Plaintiff's employment.

21. Upon information and belief, SHIRLEY McCLAIN and RAYMOND T. McCLAIN, (hereinafter collectively "McCLAIN") exercised sufficient control of ECKART'S day-to-day operations to be considered as employers of Plaintiff.

22. In addition to possessing the authority and powers herein above described in paragraphs 16-20, McCLAIN had the power to hire and fire all of ECKART'S employees, including Plaintiff.

23. At all relevant times, McCLAIN was actively involved in managing ECKART'S day-to-day operations. McCLAIN managed payroll, hired and fired employees and oversaw finances of the business. McCLAIN ordered food and supplies, inspected the restaurant and interacted with customers.

24. At all relevant times, McCLAIN was joint employers of Plaintiff pursuant to 29 CFR 791.2.

25. At all relevant times, McCLAIN was joint employers of Plaintiff pursuant to the provisions of the New York Labor Law ("NYLL") and Shim v Millenium Group, 2010 US Dist LEXIS 6407 [EDNY 2010].

## TIP CREDIT

26. Most, if not all income earned by Plaintiffs by virtue of their employment with ECKART'S, was derived exclusively from tips.

27. Each day, cash tip pool earned by Plaintiffs and other food servers were invaded by Defendants, who took a management fee therefrom, before distribution to each server.

28. Defendants unilaterally determined the amount of and distribution of tips.

29. Defendants did not establish, maintain, and preserve records, including a daily log of the tips collected by each employee, on each shift, whether in cash or by credit card.

30. Defendants did not establish, maintain, and preserve records, including a list of occupations that the employer deemed eligible to receive tips through a tip sharing or tip pool system.

31. Defendants did not establish, maintain, and preserve records setting forth the shares of tips that each occupation was scheduled to receive from tip sharing or tip pooling.

32. Defendants did not establish, maintain, and preserve records setting forth the amount of tips that each employee received from the tip share or tip pool, by date.

33. Defendants did not include the breakdown between the tips and the wages on Plaintiff's wage statements.

34.  Defendants knew that its invasion of the tip pool violated federal and state laws.

35.  Defendants are not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C. 203 (m) and 12 N.Y.C.R.R. Sec. 146-1.3 (formerly Sec 137-1.5) because Defendants misappropriated portions of Plaintiff's tips, in violation of the NYLL.

36.  Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available pursuant to 12 N.Y.C.R.R. Sec. 195, because Plaintiffs did not receive any notice that Defendants were taking a tip credit.

37.  Plaintiff did not receive any notice as to the amount of tip credit allowance taken for each payment period during her employment

## MINIMUM WAGE

38.  At all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

39.  At all times material and relevant herein, Defendants failed to inform Plaintiff, in writing, as to her hourly rate of pay and overtime rate of pay.

40.  From March 2012 to June 2014, Plaintiff worked full time, six (6) days per week.

41.  From March 2012 to June 2014, worked at least 50 hours per week.

40.  From March 2012 to June 2014, Defendants paid Plaintiff a total of $75.00 cash per week.

42. From March 2012 to June 2014, Defendants paid Plaintiff $1.50 per hour.

43. From July 2014 to September 2016, Plaintiff worked at least 40 hours per week.

44. From July 2014 to September 2016, Defendants paid Plaintiff a total of $75.00 cash per week.

45. From July 2014 to September 2016, Defendants paid Plaintiff $1.87 per hour.

46. From March 2012 to September 2016, Defendants never paid Plaintiff an hourly minimum wage.

47. Defendants committed the foregoing minimum wage violations knowingly, intentionally and willfully.

48. Prevailing minimum wage in New York was $7.25 per hour on July 24, 2009; $8.00 per hour on 12/31/13; $8.75 per hour on 12/31/14 and $9.00 per hour on 12/31/15.

## OVERTIME COMPENSATION

49. Plaintiff worked in excess of forty hours per workweek.

50. From March 2012 to June 2014, Plaintiff worked at least 50 hours per week.

51. During the week 05/26/14 to 05/31/14 Plaintiff worked 6 days and 60 hours.

52. Defendants never paid Plaintiff overtime compensation for workweeks in excess of 40 hours.

53. Defendants never paid Plaintiff overtime compensation for work beyond 40 hours per week, at a rate of 1.5 times her regular rate of pay.

54. Defendants committed the foregoing overtime violations knowingly, intentionally and willfully.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage)

55. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

56. Defendants violated the FLSA and NYLL by failing to keep accurate records of all hours worked by Plaintiff.

57. Defendants violated the FLSA and NYLL by failing to pay Plaintiff at the prevailing minimum wage for all hours worked.

58. From March 2012 to June 2014, Plaintiff worked at least 50 hours per week.

59. From July 2014 to September 2016, Plaintiff worked at least 40 hours per week.

60. From March 2012 to September 2016, Defendants paid Plaintiff a total of $75.00 cash per week.

61. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available in cases under 29 U.S.C. 203 (m) and 12 N.Y.C.R.R. Sec. 146-1.3 (formerly Sec 137-1.5) because Defendants invaded and misappropriated portions of Plaintiff's tips, in violation of the FLSA and NYLL.

62. For example, for the pay period of 05/26/14 to 05/31/14 Plaintiff worked 6 days and 60 hours and was owed minimum wages of 60 X $8 = $480.00 for that workweek.

63. Defendants' conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary, in bad faith and not the result of a good faith contest or dispute.

64. By reason of these unlawful acts, Defendants are jointly and severally liable to Plaintiff for all unpaid prevailing minimum wage for each hour worked, liquidated (double) damages, prejudgment interest, attorney's fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b) and the NYLL.

## SECOND CLAIM FOR RELIEF
### (Overtime Claims.)

65. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

66. Defendants never paid Plaintiff overtime compensation for workweeks in excess of 40 hours.

67. Defendants never paid Plaintiff overtime compensation for her work beyond 40 hours per week, at a rate of 1.5 times her regular rate of pay.

68. For example, for the pay period of 05/26/14 to 05/31/14 Plaintiff worked 6 days and 60 hours and was owed minimum wages of 60 X $8 = $480.00 for that workweek. Plaintiff's overtime rate was $12.00. Defendants are liable to Plaintiff for unpaid overtime compensation for that workweek in the amount of 20 hours X $12= $240.00.

69. Defendants' conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

70. By reason of these unlawful acts, Defendants are jointly and severally liable to Plaintiff for all unpaid overtime compensation in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b) and the NYLL.

## FIFTH CLAIM FOR RELIEF
### (N.Y. LABOR LAW Illegal Deductions from Gratuities)

71. Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

72. Defendants violated the NYLL by invading the cash tip pool of servers and converting a part thereof as an illegal management fee.

73. Defendants willfully retained portions of Plaintiff's tips.

74. Defendants' unlawful conduct and employment practices, as described herein, was willful, intentional, unreasonable, arbitrary and in bad faith.

75. By reason of these unlawful acts, Defendants are jointly and severally liable to Plaintiff for reimbursement of converted tips, liquidated damages, pre-post judgment interest, attorney's fees, costs and other compensation pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law.

B.  An award of damages for unpaid minimum wages and overtime compensation, according to proof, including liquidated damages, to be paid by Defendants jointly and severally;

C.  Penalties available under applicable laws;

D.  Costs of action incurred herein, including expert fees;

E.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

F.  Pre-Judgment and post-judgment interest, as provided by law; and

G.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: October 17, 2016

BLAU, LEONARD LAW GROUP, LLC

By /s/ Steven Bennett Blau
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
*Attorneys for Plaintiff*